**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TORNIK HOVSEPYAN, | No. 13-70914 |
| Petitioner, | Agency No. A096-357-069 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

The 90-day stay of proceedings in this case expired on May 12, 2015.  Thus,

respondent's motion to lift the stay is denied as moot.

Tornik Hovsepyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Thus, we reject Hovsepyan's
request for oral argument.

immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Hovsepyan's omission from his declaration of a significant incident of persecution by his superiors in the military police in Armenia, as well as his failure to testify about another situation that was described in his declaration. *See id.* at 962 (adverse credibility finding supported by key omissions that go to the heart of the claim); *see also Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). In the absence of credible testimony, Hovsepyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Hovsepyan has not raised any arguments challenging the BIA's denial of his CAT claim, or the denial of his motion to remand. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in

13-70914

a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**